ELECTRONICALLY FILED
4/18/2018 4:08 PM
2018-L-003950
CALENDAR: F
PAGE 1 of 7
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

STATE OF ILLINOIS  )
                   ) SS
COUNTY OF COOK     )

ATTORNEY NO.: 39903

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

TARA BROOKS, ELOISE BROOKS and
ROBERT BROOKS, both Individually and as
Special Administrators of the
Estate of TOMMIE MOORE, Deceased,

    Plaintiff,

v.   No.

MV TRANSPORTATION, INC., a/k/a
MV TRANSPORTATION, INC. OF CALIFORNIA,

    Defendant.

## COMPLAINT AT LAW

NOW COME Plaintiffs, TARA BROOKS, ELOISE BROOKS and ROBERT BROOKS, both Individually and as Special Administrators of the Estate of TOMMIE MOORE, Deceased, by their counsel, SHIPLEY LAW GROUP, LTD., and complaining of Defendant, MV TRANSPORTATION, INC., a/k/a MV TRANSPORTATION, INC. OF CALIFORNIA, state as follows:

### COUNT I

1. Plaintiffs, the adult siblings of the Decedent, and sole living descendants, bring this action in their individual capacity and as Special Administrations of Decedent's estate.



ELECTRONICALLY FILED
4/18/2018 4:08 PM
2018-L-003950
PAGE 2 of 7

2. Defendant is a foreign corporation, engaged in the transportation industry and registered to do business in the State of Illinois.

3. The events out of which this cause of action arose, took place in the County in which this action is brought.

4. At all times mentioned herein Roger Scoby was an employee of defendant whose assigned responsibilities included, inter alia, interacting with members of the general public and providing patient care transportation services.

5. Prior to being hired by defendant, Roger Scoby was a convicted felon, having received a sentence of probation in 1993 for criminal trespass to vehicle and a conviction for armed robbery in 1994 for which he served 10 years in prison.

6. On information and belief defendant, prior to hiring Roger Scoby, conducted a background check and therefore knew or should have known of his criminal convictions and propensity for violence.

7. At all times mentioned herein defendant knew or should have known that based upon the past criminal history and violent behavior of Roger Scoby, he was an individual who was particularly unfit to perform patient care transportation services and be exposed to members of the general public, including decedent.

8. At all times mentioned herein defendant knew or should have known that based upon the past criminal history and violent behavior of Roger Scoby, assigning a scope of work which responsibilities included, inter alia, providing patient care transportation services, would allow and permit personal relationships to develop and expose members of the general public, including decedent, to physical harm.

-2-

ELECTRONICALLY FILED
4/18/2018 4:08 PM
2018-L-003950
PAGE 3 of 7

9. The past criminal history and violent behavior of Roger Scoby was known or should have known by defendant at the time of hiring and throughout his period of employment.

10. At all times mentioned herein, and notwithstanding the past criminal history and violent behavior of Roger Scoby, defendant knowingly placed Roger Scoby in a position in which he interacted with members of the general public and was allowed and permitted to gain the trust of the individuals to whom he was providing patient care transportation services, including decedent.

11. At all times mentioned herein and notwithstanding the past criminal history and violent behavior of Roger Scoby, defendant allowed and permitted its employees, including Scoby, to interact and form personal relationships with individuals for whom patient care transportation services were provided, including decedent.

12. At all relevant times it was the duty of defendant to exercise ordinary care in the hiring, interviewing, background-check process, supervision and management of its agents and employees, who performed patient care transportation services and interacted with members of the general public, including decedent, so that said individuals would be safe and not exposed to physical harm.

13. At all relevant times it was the duty of defendant to exercise ordinary care in the supervision and management of their agents and employees, including instituting procedures and rules for individuals who performed patient care transportation services and interacted with members of the general public, including decedent, so that said individuals would be safe and not exposed to physical harm.

14. On and prior to March 30, 2017, and notwithstanding the past criminal history and violent behavior of Roger Scoby, defendant allowed and permitted Roger Scoby to provide patient care transportation services to decedent.

15. On and prior to March 30, 2017, and notwithstanding the past criminal history and violent behavior of Roger Scoby, defendant allowed and permitted Roger Scoby to develop and maintain a personal relationship with decedent.

16. On and prior to March 30, 2017, defendant knew or should have known that Roger Scoby had developed and maintained a personal relationship with decedent.

17. On and prior to March 30, 2017, and notwithstanding the past criminal history and violent behavior of Roger Scoby, defendant knew or should have known that by assigning, allowing and permitting Roger Scoby to provide patient care transportation services, exposed members of the general public, including decedent, to bodily and physical harm.

18. On and prior to March 30, 2017, and notwithstanding the past criminal history and violent behavior of Roger Scoby, defendant knew or should have known that by allowing and permitting Roger Scoby to develop and maintain a personal relationship with decedent exposed decedent, to bodily and physical harm.

19. Defendant's failure to supervise the actions of its employees, including Roger Scoby, by instituting procedures and rules prohibiting its employees from developing personal relationships with individuals who were receiving patient care transportation services created a condition and environment that was conducive to a foreseeable criminal act as hereinafter alleged.

ELECTRONICALLY FILED
4/18/2018 4:08 PM
2018-L-003950
PAGE 4 of 7

ELECTRONICALLY FILED
4/18/2018 4:08 PM
2018-L-003950
PAGE 5 of 7

20. On March 30, 2017, defendant, through its agent and employee Roger Scoby, was guilty of one or more of the following negligent acts and/or omissions:

  a. Failed to supervise and control its employee to ensure that said employee was not a danger to members of the general public, including decedent;

  b. Permitted and allowed an employee to remain in a position which required interaction with members of the general public, including decedent, when it knew or should have known that said employee had a past history of criminal and violent behavior;

  d. Failed to provide any warning of the past history of the employee criminal and violent behavior;

  e. Failed to institute procedures and rules which prevented and/or prohibited employees from attempting to establish personal relationships with the individuals who were being transported;

  f. Failed to bar its employee from establishing personal relationships with the individuals who were being transported;

  g. Failed to monitor and supervise the activities of its employee who they knew or should have known had a documented history of criminal and violent behavior;

  h. Negligently allowed an employee who had a documented history of criminal and violent behavior to be in a position which involved interaction and communication with members of the general public, including decedent.

  i. Failed to perform proper pre-hiring and employment-placement procedures.

21. As a direct and proximate result of the negligence of defendant as aforesaid, on March 30, 2017, Roger Scoby entered in and upon the home of decedent and thereafter committed violent assault causing decedent's death.

- 5 -

22. Decedent left surviving him, as next of kin, the named plaintiffs Tara Brooks, Eloise Brooks and Robert Brooks.

23. Plaintiffs Tara Brooks, Eloise Brooks and Robert Brooks, bring this action as Special Administrators of the Estate of TOMMIE MOORE, deceased, bring this action to recover damages resulting for injuries to the person and property of decedent pursuant to Common Law and pursuant to the Illinois Survival Statute, 755 ILCS 5/27-6.

WHEREFORE, Plaintiffs, TARA BROOKS, ELOISE BROOKS and ROBERT BROOKS, as Special Administrators of the Estate of TOMMIE MOORE, Deceased, demand judgment against Defendant, MV TRANSPORTATION, INC., a/k/a MV TRANSPORTATION, INC. OF CALIFORNIA, in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus costs.

## COUNT II

1-21. Plaintiffs repeat and re-allege Paragraphs 1-21 of Count I as Paragraphs 1-21 of this Count II as though fully set forth herein.

22. The named plaintiffs are the siblings of decedent and are the sole next of kin of decedent who have suffered pecuniary loss as a result of his death.

23. By reason of the wrongful death of decedent, her siblings have been permanently deprived of decedent's conjugal love, affection and companionship.

WHEREFORE, Plaintiffs, TARA BROOKS, ELOISE BROOKS and ROBERT BROOKS, Individually, demand judgment against Defendant, MV TRANSPORTATION, INC., a/k/a MV TRANSPORTATION, INC. OF CALIFORNIA, in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus costs.

ELECTRONICALLY FILED
4/18/2018 4:08 PM
2018-L-003950
PAGE 6 of 7

SHIPLEY LAW GROUP, LTD.

BY: *Robert A. Shipley*

ATTORNEY FOR PLAINTIFFS

SHIPLEY LAW GROUP, LTD.
135 South LaSalle Street, Suite 2100
Chicago, Illinois 60603
(312)527-4545
robert.shipley@shipleylawgroup.com

ELECTRONICALLY FILED
4/18/2018 4:08 PM
2018-L-003950
PAGE 7 of 7